Jennifer **HOFFMAN, and Justyn Hoffman, Individually and as joint personal representatives of the estate of Bayle Lynn Hoffman, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 2:08cv376.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 7, 2009.

---

Judith M. Cofield, Esquire, Virginia Beach, VA, for Plaintiffs.

Virginia Lynn Van Valkenburg, Esquire, United States Attorney Office, Norfolk, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This case comes before the court on defendant United States' Partial Motion to Dismiss, or in the Alternative, Summary Judgment. This motion addresses only plaintiffs' claim that defendant violated 42 U.S.C. § 1395dd. Plaintiffs have responded, and defendant did not file a reply. The matter is now ripe for review. For the reasons stated below, the court **GRANTS** the Partial Motion to Dismiss.

### I. Background

On June 17, 2006, Ms. Hoffman was pregnant and presented with abdominal pain at the Naval Medical Center in Portsmouth. (Compl. ¶ 7.) After triage, Ms. Hoffman was sent to Labor and Delivery for evaluation and treatment. *Id.* According to plaintiffs, Labor and Delivery prematurely discharged Ms. Hoffman. *Id.* Several hours later, Ms. Hoffman sought treatment at the Chesapeake General Hospital, where she delivered her baby. (Compl. ¶¶ 8–9.) After transfer to the Children's Hospital of the King's Daughters, the baby died about a month later from necrotizing enterocolitis. (Compl. ¶ 9.) Plaintiffs allege that the baby was born prematurely and died because of negligence. (Compl. ¶ 12.)

Plaintiffs brought suit against defendant United States on August 12, 2008, seeking relief for medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 42 U.S.C. § 1395dd. The specific COBRA provision invoked is the

Emergency Medical Treatment and Active Labor Act ("EMTALA").

## II. Analysis

### 1. EMTALA Does Not Expressly Waive Sovereign Immunity

 Plaintiffs may not pursue this claim unless EMTALA shows that the United States has waived sovereign immunity from suit. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). A waiver of sovereign immunity must be "unequivocally expressed" in the statutory text. *Id.* at 33, 112 S.Ct. 1011.

EMTALA imposes two duties on hospitals with a Medicare agreement and an emergency department: (1) to provide an appropriate medical screening to anyone seeking treatment, and (2) to stabilize anyone with an emergency medical condition or, if warranted, to transfer the person to another facility. *See* 42 U.S.C. § 1395dd(a)-(c).[1] A person injured by a breach of these duties may recover "those damages available for personal injury under the law of the State in which the hospital is located." 42 U.S.C. § 1395dd(d)(2)(A). Although EMTALA creates other enforcement mechanisms, no other section addresses the private right to sue. A plain reading of the text shows that the statute does not mention the United States government or any hospital owned or maintained by the United States. EMTALA thus lacks an "unequivocally expressed" waiver of sovereign immunity. *See Cheromiah v. United States,* 55 F.Supp.2d 1295, 1300–01 (D.N.M.1999) (finding the United States immune from suits brought under EMTALA, as the statute contains no express waiver of immunity). Indeed, plaintiffs admit that "COBRA (or EMTALA) contains no express waiver of sovereign immunity[.]" (Pl.'s Mem. in Reply to Partial Mot. to Dismiss 2.)

### 2. EMTALA Violations Are Not Torts Grounded in Virginia Law

 While admitting that EMTALA does not expressly waive sovereign immunity, plaintiffs contend that the EMTALA violations are torts grounded in Virginia law, offering an alternate basis for waiver of sovereign immunity. The FTCA expressly waives the United States' immunity for "tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The tort claims must be "grounded in the law of the 'place where the action or omission occurred.'" *Williams v. United States,* 242 F.3d 169, 173 (4th Cir.2001) (quoting 28 U.S.C. § 1346(b)(1), which limits federal jurisdiction to claims arising under the law of the place). As "the FTCA does not waive the United States' immunity against liability for violation of its own statutes," these torts must arise under state or local law. *Id.*

---

1. Specifically, EMTALA provides:
 (a) In the case of a hospital that has a hospital emergency department, if any individual ... comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department ... to determine whether or not an emergency medical condition ... exists.

 (b)(1) If any individual ... comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either—
 (A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or
 (B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

Contrary to plaintiffs' argument, a federal claim under EMTALA is not a tort grounded in Virginia law, nor does Virginia law encompass this claim. Indeed, Congress passed EMTALA because no adequate remedy at state law existed. *See Brooks v. Maryland Gen. Hosp.*, 996 F.2d 708, 710 (4th Cir.1993). EMTALA specifically responds to concerns that hospitals were "dumping" patients unable to pay, because of modern pressures to lower costs and maximize efficiency. *Id.* As hospitals have no legal duty to provide patient stabilization or treatment under traditional state tort law, Congress enacted EMTALA to require that hospitals maintain this practice. *Id.*

Plaintiffs incorrectly argue that a physician's duty under Virginia law not to "abandon" their patients is the same as EMTALA's duty to screen and stabilize any patient requesting examination or treatment. In Virginia, a doctor does not have a duty to treat any particular patient. *See Lyons v. Grether*, 218 Va. 630, 632–33, 239 S.E.2d 103 (1977). After establishing a relationship, however, a doctor cannot abandon a patient requiring treatment. *See Rosen v. Greifenberger*, 257 Va. 373, 380, 513 S.E.2d 861 (1999). Unlike this common-law duty to continue treating an existing patient, EMTALA's "core purpose is to get patients into the system who might otherwise go untreated." *Bryan v. Rectors and Visitors of the Univ. of Virginia*, 95 F.3d 349, 351 (4th Cir.1996). Plaintiffs cannot tenably equate the duty of a physician not to abandon a current patient with the duty of a hospital to screen and stabilize any patient who seeks examination or treatment.

The claim that the Naval Hospital failed to screen and stabilize Ms. Hoffman arises only under EMTALA—a unique federal statute—not under Virginia law. As noted earlier, "the FTCA does not waive the United States' immunity against liability for violation of its own statutes." *Williams*, 242 F.3d at 173. Thus, the United States has sovereign immunity from plaintiffs' claim under 42 U.S.C. § 1395dd.

### III. Conclusion

For the reasons stated above, defendant United States' Partial Motion to Dismiss is **GRANTED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to all parties.

**IT IS SO ORDERED**